

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable H. H. Courtney
Sheriff
Motley County
Matador, Texas

Dear Sir:

Opinion No. 0-5120
Re: What procedure should be
followed in handling the
county attorney's fee in
a misdemeanor case, when
the county is without a
county attorney?
And a related question.

Under the provisions of Article 4399, Vernon's Annotated Civil Statutes, this department is prohibited from rendering legal opinions to a sheriff, but in view of the fact that your county is at present without the services of a county attorney, district attorney, or county auditor, we feel it is not inappropriate to answer your questions. We quote from your letter as follows:

"We appreciate the fact that you only give opinions to County and District Attorneys, but since we do not have a County Attorney, or a District Attorney in this district, we thought you might make an exception and give us an opinion.

"Our County Attorney and District Attorney are both in the Armed Service. We do not have anyone to advise us. We had an Assistant County Attorney but he resigned to accept a place with the O. P. A. We have only one Attorney in Motley County, G. E. Hamilton, and he is too busy to advise us very much and he doesn't have time to look up anything for us. So you see we must have some advice.

"We need to know just how we should handle the County Attorney fee in a misdemeanor case.

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Should we collect the fee for the County Attorney
when we collect the fine and cost, or should the
County Attorney fee be left out? If we collect
the fee for the County Attorney, what should we
do with it? Should it be turned over to the
County Treasurer?

"We would also like to know how the Justice
of the Peace can submit his Monthly Account of
Fees Due without the County Attorney making his
certificate?

"We know what we should do if we had an As-
sistant County Attorney, but since we do not have
either a County Attorney or an Assistant County
Attorney we do not know what we should do.

"We will appreciate it very much if you will
send us this information at once, or tell us where
we can find it in case you can't send us an opin-
ion.

". . . ."

Although it is not stated in your letter, for the
purposes of this opinion, we assume that the county attorney
did not resign his office before entering into the armed
services of this country. If we are correct in this assump-
tion then the commissioners' court neither has the authority
to grant a leave of absence to the county attorney to enter
the armed forces nor the power to declare his office vacant
if he does enter the armed forces. (See our Opinion No.
0-2533, a copy of which is enclosed herewith.)

With reference to the disposition of the fees of
the county attorney we think that our Opinion No. 0-4599
answers your inquiry. This opinion holds:

"1. Where the county attorney has taken
some action in the case for the State in the jus-
tice court he would be entitled to the $5.00 fee
on a plea of guilty in the justice court regard-
less of whether he was present in the justice
court at the time the plea was entered. For
example, if your county attorney filed a com-
plaint in justice court before he left to join

the Army he would be entitled to the $5.00 fee
if the defendant subsequently plead guilty.

"2. If the county attorney has not taken
any action in such a case and is not present and
ready to represent the State at a regular term
of the justice court and a defendant pleads guil-
ty at such regular term the county attorney would
not be entitled to the fee. Nor would the coun-
ty be entitled to the fee. If no fee is due the
county attorney it would not be charged against
the defendant.

"3. If the defendant plead guilty in jus-
tice court at any time other than the regular
term of such court the county attorney would be
entitled to a $5.00 fee even though he was not
present and had taken no action in the case."
(We are also enclosing a copy of this opinion.)

We now consider your second question which is quot-
ed above. Article 1052, Vernon's Annotated Code of Criminal
Procedure provides in part:

". . . Provided the Commissioner's Court
shall not pay any account or trial fees in any
case tried and in which an acquittal is had un-
less the State of Texas was represented in the
trial of said cause by the County Attorney, or
his assistant, Criminal District Attorney or his
assistant, and the certificate of said Attorney
is attached to said account certifying to the
fact that said cause was tried, and the State of
Texas was represented, and that in his judgment
there was sufficient evidence in said cause to
demand a trial of same."

It is our opinion that in the cases of acquittal, be-
fore the justice of the peace is entitled to his fee, the
county attorney, or his assistant, would have to certify to
the facts as required by said Article 1052.

Article 31, Vernon's Annotated Code of Criminal
Procedure, provides:

"Whenever any district or county attorney
fails to attend any term of the district, county

or justice's court, the judge of said court or such justice may appoint some competent attorney to perform the duties of such district or county attorney, who shall be allowed the same compensation for his services as is allowed the district attorney or county attorney. Said appointment shall not extend beyond the term of the court at which it is made, and shall be vacated upon the appearance of the district or county attorney."

It is our further opinion that if the justice of the peace appoints an attorney pro tem under the provisions of this Article the attorney pro tem could make the certificates as required by Article 1052. An attorney pro tem appointed by the court has all the powers and duties of the regular prosecuting attorney. State v. Lackey, 35 Tex. 357.

Therefore, in the absence of the certificate required by Article 1052, in cases of acquittal, the justice of the peace would not be entitled to his fee.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By /s/

Ardell Williams
Assistant

AW:db

Enclosure

APPROVED MAR 13, 1943
/s/ Wm. J. Fanning
ACTING ATTORNEY GENERAL OF TEXAS

APPROVED
OPINION
COMMITTEE
BY   BWB
CHAIRMAN

AW:gm